IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CV-126-FL

| CLEMMONS FARMING, INC.; JODY E. CLEMMONS; and LAUREN B. CLEMMONS, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| SILVEUS SOUTHEAST LLC AND JAMES M. CARROLL, JR., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to seal (DE 44). The motion is unopposed, and the issues raised are ripe for ruling. For the following reasons, the court denies the motion without prejudice, and orders defendants to show cause why the document at issue should be sealed.

## BACKGROUND

This tort suit arises out of plaintiffs' purchase of crop insurance from defendants. After a period of discovery, each side moved for summary judgment in March, 2023. As part of the briefing on these motions, defendants filed the instant unopposed motion to seal. (Defs' Mot. Seal Confidential Documents (DE 44) ("Defs' Mot.")).

## COURT'S DISCUSSION

In defendants' motion to seal, they seek to "maintain the documents filed at DE 42 (UTICA _ 000001-000005) under seal." (Defs' Mot. 1). According to defendants, these items are "internal

emails from Silveus Insurance Group, Inc. setting forth opinions regarding certain individuals as well as certain confidential information and certain internal corporate processes related to handling insurance applications." (Defs' Mem. Supp. Mot. Seal Confidential Docs. (DE 45) 1). They were produced as "Highly Confidential/Attorneys' Eyes Only" in this action under the case management order. (Id.). Plaintiffs consent to the motion. (Id. at 3).

However, the referenced materials are not, in fact, filed at DE 42. That document only references "Utica_000001 – Utica_000005 ('Forshtay Memo')," without any other contents (DE 42 at 1). Moreover, there are no other provisionally sealed documents filed in this case. While plaintiffs include a placeholder in their appendix for "Appendix R-Tobe Forshtay Memo, 3-18-18 (slipsheet only)," this document again contains no content, and plaintiffs do not file this material anywhere else under provisional seal. Furthermore, although quotes from the same appear in Parker's report, and the parties rely upon certain referenced materials in their briefing on the motion to exclude Parker, (see Defs' Mem. Supp. Mot. In Limine Exclude Opinions and Test. of Clifton R. Parker as Expert (DE 37) 8; id. Ex. 1 (DE 37-1) 10; Mem. Law Opp'n Defs' Mot. In Limine Exclude Evidence and Testimony (DE 50) 16–17), none of those filings is under provisional seal or is the subject of the instant motion to seal.

Defendants have therefore moved to seal a document that does not actually appear on the docket. In light of these deficiencies, the court concludes that defendants' motion should be denied without prejudice, but that defendants should be given the opportunity to file this document under provisional seal, and to show good cause why the filing should be sealed, within 10 days of the entry of this order.

1

## CONCLUSION

Based on the foregoing, defendants' motion to seal (DE 44) is DENIED WITHOUT PREJUDICE. DE 42 will be maintained under provisional seal. Defendants are ORDERED to file under provisional seal the document they actually seek to seal, and to show cause why the filing should be sealed, within 10 days of the entry of this order.

SO ORDERED, this the 29th day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge